AO 245B (Rev. 11/25) Judgment in a Criminal Case (Form modified within District on November 19, 2025)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

UNITED STATES OF AMERICA
v.
Joel Reich

## JUDGMENT IN A CRIMINAL CASE

Case Number: 24 CR 335 (KMK)

USM Number: 82636-510

Steven Y. Yurowitz, Esq.
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Wire Fraud | 4/2021 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☑ Count(s) all open or pending ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/24/2026
Date of Imposition of Judgment

[signature]
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

7/20/26
Date

DEFENDANT: Joel Reich
CASE NUMBER: 24 CR 335 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

24 months for Count 1. The Defendant has been advised of his right to appeal.

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the Defendant be designated to Otisville Camp or the closest Camp

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

☑ at 02:00 ☐ a.m. ☑ p.m. on August 27, 2026 .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ________ to ________

at ________ , with a certified copy of this judgment.

________
UNITED STATES MARSHAL

By ________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Joel Reich
CASE NUMBER: 24 CR 335 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years of supervised release

The Defendant is permitted to have unrestricted travel to the SDNY, EDNY, NDNY, the District of New Jersey and the Southern District of Florida

It is recommended that the defendant is to be supervised by the district of residence.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Joel Reich
CASE NUMBER: 24 CR 335 (KMK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ______________

DEFENDANT: Joel Reich
CASE NUMBER: 24 CR 335 (KMK)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The Defendant will provide the Probation Officer with access to any and all requested financial information.

The Defendant will not incur any new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment payment schedule.

DEFENDANT: Joel Reich
CASE NUMBER: 24 CR 335 (KMK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 6,211,467.00 | $ | $ | $ |

☐ The determination of restitution is deferred until __________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SDNY Clerk of Court<br>United States Courthouse<br>500 Pearl Street, New York. NY 10007<br>Attention: Cashier | | $6,211,467.00 | |
| **TOTALS** | $ 0.00 | $ 6,211,467.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

- v. -

JOEL REICH,

Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

24 Cr. 335 (KMK)

WHEREAS, on or about May 23, 2024, JOEL REICH (the "Defendant"), was charged in an Information, 24 Cr. 335 (KMK) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about July 17, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $6,211,467 in United States currency, representing proceeds traceable to the commission of the offense alleged in Count One of this Information, which amount may be reduced, pursuant to Title 18, United States Code, Section

981(a)(2)(C), to the extent the loans and debts, forming the basis for the offense conduct charged in Count One of the Information, are repaid or satisfied, without any financial loss to the victim;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $6,211,467 in United States currency, representing the amount of gross proceeds traceable to the commission of the offense charged in Count One of the Information, that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the gross proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Margery Feinzig, of counsel, and the Defendant and his counsel, Steven Y. Yurowitz, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $6,211,467 in United States currency (the "Money Judgment"), representing the amount of gross proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. The Money Judgment may be reduced, pursuant to Title 18, United States Code, Section 981(a)(2)(C), to the extent the loans and debts forming the basis for the offense conduct charged in Count One of the Information are repaid or satisfied, without any financial loss to the victim.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JOEL REICH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: ______________________ 7/16/2024
MARGERY B. FEINZIG DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(914) 993-1903

JOEL REICH

By: ______________________ 7/17/24
JOEL REICH DATE

By: ______________________ 7/17/24
STEVEN Y. YUROWITZ, ESQ. DATE
Attorney for Defendant
950 Third Avenue – 31st Floor
New York, NY 10022

SO ORDERED:

______________________ 2/24/26
HONORABLE KENNETH M. KARAS DATE
UNITED STATES DISTRICT JUDGE

Case 7:24-cr-00335-KMK Document 59-1 Filed 06/23/26 Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

JOEL REICH,

Defendant.

**Order of Restitution**

**24 Cr. 335 (KMK)**

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Margery Feinzig, Assistant United States Attorney, of counsel; the presentence report; the defendant's conviction on Count One of the Information; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution**

JOEL REICH, the defendant, shall pay restitution in the total amount of $6,211,467, pursuant to 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A and 3664, to the victims of the offense charged in Count One. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

**A. Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

Case 7:24-cr-00335-KMK Document 59-1 Filed 06/23/26 Page 2 of 5

2. **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572) in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall make restitution in accordance with the following schedule:

Restitution can be made in installments pursuant to 18 U.S.C. §§ 3572(d)(1) and (2). The defendant is to commence monthly installment payments of 15 percent of the defendant's gross monthly income, payable on the 15th of each month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n). Pursuant to BOP policy, the BOP may establish a payment plan by evaluating the defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends. The remaining balance may be used to determine a repayment schedule. BOP staff is to work with the defendant to develop a financial plan and shall monitor his progress in meeting his restitution obligation.

If the defendant discloses to the government or otherwise learns of additional assets not known to the government at the time of the Judgment in this case, the government may seek a court order modifying the payment schedule consistent with the discovery of these additional or new assets.

3. **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order. Cash payments can be made, but not $10,000 or more.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid

balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

Dated: White Plains, New York

6/24/2026

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 23, 2026

**BY Email and ECF**

The Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

**Re:** ***United States v. Joel Reich***
**24 Cr. 335 (KMK)**

Dear Judge Karas:

Attached is Schedule A to the restitution order (ECF No. 60) issued today.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: Margery B. Feinzig
Margery B. Feinzig
Assistant United States Attorney
(914) 993-1903

cc: Steven Yurowitz, Esq. (By Email and ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

JOEL REICH,

Defendant.

**Schedule of Victims**

**24 Cr. 335 (KMK)**

| **Victim** | **Restitution Amount** |
|---|---|
| Small Business Administration By IPAC and<br><br>Newtek Small Business Finance, LLC<br>1981 Marcus Ave.<br>Suite 130<br>Lake Success, NY 11042 | 7(a) Loan #1829433: $4,981,648 |
| Small Business Administration By IPAC | PPP Loan #2017368707: $158,167 |
| Small Business Administration By IPAC | PPP Loan #6949908004: $600,360 |
| Small Business Administration By IPAC | PPP Loan #9065198504: $471,292 |
| Total Restitution: | $6,211,467 |